EASTERN DIS.
*April, 1832.*

MORGAN ET AL.
*vs.*
THEIR CREDI-
TORS.

Where third persons have an interest to set aside a contract, and allege fraud against its validity, parole evidence is from necessity admissible.

---

### MORGAN ET AL. *vs.* THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

It is a clear principle of law, that the right to claim discussion, on the part of the surety, ceases immediately on the insolvency of the principal debtor.

A creditor, who has established his claim against both principal and surety, before receiving any payment from either, has a right to claim dividends from each, on the whole amount proven, until the debt be fully satisfied.

The facts are fully stated in the opinion of the court, delivered by MATHEWS, J.

The proceedings, commenced in this case, by a rule taken on the syndics of the insolvents, entered on the seventh of July, 1831, to show cause, why they should not pay to Phelps & Co., seven thousand and eighteen dollars and sixty cents,

EASTERN DIS.
April, 1832.

MORGAN ET AL
vs.
THEIR CREDI-
TORS.

being the amount of a dividend of fourteen per centum on the sum of fifty thousand one hundred and thirty-two dollars and eighty-six cents, the debt due to the said Phelps & Co.

In answer to this rule, the syndics denied the right of the claimants to the dividend demanded, and also the debt on which it was claimed.

The court below decided that the whole debt, claimed by Phelps & Co., against the estate of Morgan, Dorsey & Co., was only a conditional or contingent claim on this estate, as the insolvents were only sureties for William Kenner & Co., the principal debtors of the claimants, and rejected the claim of the latter to the dividend requested. From this judgement they appealed.

This decision was made notwithstanding a judgement rendered on the second of April, 1830, in which it was decreed in a contest with the syndics, that Phelps & Co. should be placed on the tableau of distribution, as creditors for the amount of fifty thousand one hundred and thirty-two dollars and eighty-six cents, on which the present dividend is claimed. It is true that this judgement was modified (by consent of the parties) on the twenty-first of the same month, so as to answer any questions which might arise on any dividend being declared in favor of these creditors, from the estate of the principal debtors.

It appears clear to us, that this judgement, even with its modification, establishes the fact, that Phelps & Co. did, on the second of April, 1830, prove the genuineness of their claim to the amount allowed by the court, either as absolute and unconditional, or as contingent creditors, according as the law might operate on their situation, in relation to their debtors, as being principal or accessory. The only questions, left open by the addition or amendment to the judgement, appear to be those which might be agitated in relation to the right of discussion, as appertaining to the estate of the sureties against that of the principal debtors.

It is shown, by the evidence, that both became insolvent about the same time. Kenner & Co. filed their bilan on the

fourth of March, 1826; Morgan, Dorsey & Co. filed theirs on the seventh of the same month. Now, it is a clear principle of law, that the right to claim discussion, on the part of the sureties, ceased immediately on the insolvency of the principal debtors, and, *ipso facto*, both became debtors *in solido*; consequently, the proof of their credit by Phelps & Co., against the estate of Morgan, Dorsey & Co., fixed the former as creditors unconditional for the amount allowed to them, contradictorily with the syndics representing the mass of creditors. In pursuance of the judgement by which the claimants were thus placed on the tableau of distribution, it is in evidence that they have, at different times, received dividends from the estate of these insolvents, to the amount of forty-eight per centum, without opposition. And, on a claim of fifty-six thousand and seventy-four dollars and fifty-seven cents, against the estate of Kenner & Co.; a dividend of six per centum.

These estates, from the moment of the almost simultaneous failures of their owners, were indebted, *in solido*, to the appellants, for the sum of fifty thousand one hundred and thirty-two dollars. And, as they had established their claim against both before they received any payment from either, they have a right to claim dividends from each on the whole amount proven until their debt is fully satisfied.

From the foregoing exposition of the case, it is seen that we consider the judgement of the second of April, 1830, as conclusive on the rights of the parties; consequently, it is not influenced by the doctrine on this subject as taught in the case of *Armore* vs. *his Creditors*. 2 *L. Rep. p.* 376.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and, it is further ordered, adjudged, and decreed, that the claimants and appellants do recover the dividend, as claimed in this suit, the costs of this proceeding, in both courts, to be paid by the syndics, &c.

*Eustis*, for syndics. *Slidell*, contra.

---

*Margin notes:*

EASTERN DIS. *April*, 1832.

MORGAN ET AL. *vs.* THEIR CREDITORS.

It is a clear principle of law that the right to claim discussion, on the part of the surety, ceases immediately on the insolvency of the principal debtor.

A creditor who has established his claim against both principal and surety, before receiving any payment from either, has a right to claim dividends from each on the whole amount proven, until the debt be fully satisfied.